Daniel S. Brome, CA SBN 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery Street, Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Rachhana T. Srey, MN Bar No. 340133
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th St.
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
*Pro hac vice application forthcoming

Attorneys for Plaintiff and Others Similarly Situated

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Scepkowski, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Nova Measuring Instruments Inc.,<br><br>Defendants. | **Case No.** _____<br><br>**COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND RESTITUTION**<br><br>**(1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, <u>et seq.</u>)** |

Plaintiff William Scepkowski, on behalf of himself and all others similarly situated, by and through his attorneys, Nichols Kaster, PLLP, bring this action against Nova Measuring Instruments Inc. ("Defendant") for damages and other relief relating to violations of the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq.*

2. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendant operates in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

3. Defendant Nova Measuring Instruments Inc. ("Nova") is the U.S. subsidiary of Nova Measuring Instruments Ltd.

4. Nova is a Delaware corporation with a princial place of business located at 2055 Gateway Place, Suite 470, San Jose, California 95118.

5. Defendant develops, manufactures and distributes metrology systems for process control that are integrated into process equipment tools, or used as stand-alone metrology platforms for the global semiconductor manufacturing industry.

6. Nova operates in interstate commerce by, among other things, manufacturing and distributing its products to customers in multiple states across the country.

7. Upon information and belief, Nova's gross annual sales made or business done has been in excess of $500,000 at all relevant times.

8. Plaintiff William Scepkowski is an adult resident of Mechanicville, New York.

9. Scepkowski is currently employed by Nova as a field service engineer, and has been employed by the company since May 2015.

10. Plaintiff brings this action on behalf of himself and all other similarly situated

individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff and the similarly situated individuals were, or are, employed by Nova as field service engineers, metrology support engineers, or other job titles/positions performing similar job duties (together "FSEs") within the three years of the date this Complaint was filed.  See 29 U.S.C. § 255(a).

11. At all relevevant times, Nova is, and has been, Plaintiff's and the similarly situated individuals' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

**FACTUAL ALLEGATIONS**

12. As FSEs, Plaintiff's and the similarly situated individuals' primary job duties and responsibilities consist or consisted of non-exempt work: installing, repairing, replacing parts, troubleshooting, servicing and performing preventative maintenance on equipment manufactured by Nova.

13. Defendant suffered and permitted Plaintiff and the similarly situated individuals to work more than forty (40) hours per week without overtime pay.

14. Plaintiff and the similarly situated individuals were or are paid a salary with no overtime pay.

15. Defendant classified Plaintiff and the similarly situated individuals as exempt from overtime compensation.

16. Defendant did not keep accurate records of all of the hours worked by Plaintiff and the similarly situated individuals.

17. Defendant was aware, or should have been aware, that Plaintiffs and the similarly situated individuals performed non-exempt work that required payment of overtime compensation.

18. Plaintiff complained to Nova's Human Resources in or around November 2016 about working unpaid overtime hours and being paid misclassified as exempt from overtime pay.

19. Upon information and belief, other FSEs have complained in group meetings about working unpaid overtime.

-2-
COLLECTIVE ACTION COMPLAINT FOR DAMAGES

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

21. Plaintiff files this action on behalf of himself and all similarly situated individuals. The proposed FLSA Collective class is defined as follows:

> All persons who worked as field service engineers, metrology support engineers, or other job positions/titles performing similar duties for Nova Measuring Instruments Inc. at any time since three years prior to the filing of this Complaint.

22. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent forms are attached as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

23. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

24. For example, during the workweek ending January 22, 2017, Plaintiff Scepkowski estimates that he worked approximately seventy (70) hours without receiving overtime compensation for his thirty (30) overtime hours.

25. Upon information and belief, Defendant failed to maintain accurate record of the hours Plaintiff's and the members of the FLSA Collective worked, as required by 29 C.F.R. § 516.2.

26. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, failing to pay its FSEs overtime compensation.

27. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous members of the FLSA Collective who have suffered from the Defendant's practice of denying overtime pay to FSEs who would benefit from the issuance of court-authorized notice of

this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant, and are readily identifiable through its records.

## CAUSES OF ACTION
## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(on behalf of Plaintiff and the FLSA Collective)**

28. Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

29. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

30. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

31. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective the required overtime compensation.

32. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

33. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

34. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

-4-
COLLECTIVE ACTION COMPLAINT FOR DAMAGES

35. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and those similarly situated, pray for judgment against Defendant as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C. Judgment against Defendant for violation of the overtime provisions of the FLSA;

D. Judgment that Defendant's violations of the FLSA were willful;

E. An award to Plaintiff's and those similarly situated for the amount of unpaid wages owed and liquidated damages;

F. An award of prejudgment interest (to the extent liquidated damages are not awarded);

G. An award of reasonable attorneys' fees and costs;

H. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

I. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

| | | |
|---|---|---|
| Dated: February 20, 2017 | | **NICHOLS KASTER, LLP** |
| | By: | s/Daniel S. Brome |
| | | Daniel S. Brome |
| | | Attorneys for Plaintiff and Others Similarly Situated |